IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | Cr. No. 3:00-780-CMC |
| v. | |
| Tony Oneal Harris, | Opinion and Order |
| Defendant. | |

On June 22, 2016, Defendant filed a motion under 28 U.S.C. § 2255 to vacate his sentence in light of *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016). ECF No. 1232. After a stay pending the outcome of *Beckles v. United States*, 580 U.S. __, 137 S.Ct. 886 (2017), the Government filed a response in opposition and a motion for summary judgment on July 7, 2017. ECF Nos. 1247, 1248. On July 19, 2017, Defendant filed his response. ECF No. 1250.

**I.     Background**

Defendant was charged in a superseding indictment entered December 12, 2000. ECF No. 319. Defendant entered into a written plea agreement on July 12, 2001, agreeing to plead guilty to count one of the superseding indictment, conspiracy to possess with intent to distribute one kilogram or more of heroin and 50 grams or more of crack. ECF No. 735. Defendant entered a guilty plea the same day. ECF No. 735.

A Pre-Sentence Report (PSR) concluded Defendant was a career offender based on the following convictions: New York second degree robbery and trafficking in fentanyl. Defendant's guideline range was calculated to be 262-326 months. The Government's motion for downward departure was granted, and Defendant was sentenced to 235 months and ten years of supervised

release. ECF No. 912. Defendant did not appeal. On June 22, 2016, the instant motion was filed. ECF No. 1232.

**II.     *Johnson* and *Beckles***

On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." 576 U.S. at __, 135 S. Ct. 2551 (2015). By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), holding the newly established right recognized in *Johnson* retroactive to cases on collateral review.

On March 6, 2017, the Supreme Court issued an opinion in *Beckles*, holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process clause." *Beckles*, 137 S.Ct. at 890. Therefore, the residual clause in §4B1.2(a)(2) of the former sentencing Guidelines[1] is not void for vagueness. *Id.* at 892.

**III.    Discussion**

Defendant argues his career offender status is impacted by *Johnson* and excepted from the holding in *Beckles* as he was sentenced under a mandatory guideline scheme. Defendant was sentenced on November 29, 2001, before the Supreme Court's decision in *United States v. Booker*,

---

[1] The definition of "crime of violence" for career offender purposes, revised effective August 1, 2016, no longer contains a residual clause.

543 U.S. 220 (2005), which rendered the Guidelines advisory. As Defendant was sentenced under the mandatory Guidelines, he argues *Johnson* should apply because the mandatory Guidelines "fix[ed] the permissible range of sentences." ECF No. 1250 at 5 (citing *Beckles*, 137 S.Ct. at 892). He also argues his motion is timely under § 2255(f)(3), and his New York robbery conviction is not a crime of violence under the mandatory Guidelines.

The Government argues that Defendant's motion is untimely because he cannot avail himself of § 2255(f)(3) or any of the other dates in § 2255(f). ECF No. 1247.

*Beckles* applies to advisory guideline sentences only, specifically leaving open the question of whether the residual clause in the mandatory Guidelines would be void for vagueness. *Beckles*, 137 S.Ct. at 894 ("The advisory Guidelines do not implicate the twin concerns underlying vagueness doctrine – providing notice and preventing arbitrary enforcement."); *id.* at 903 (Kennedy, concurring) ("The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in *United States v. Booker*, 543 U.S. 220 (2005) – that is, during the period in which the Guidelines did 'fix the permissible range of sentences,' *ante*, at 892 – may mount vagueness attacks on their sentences."). However, the Fourth Circuit has decided a § 2255 motion seeking to attack a defendant's sentence imposed under the mandatory Guidelines does not

3

fall under the statute of limitations in § 2255(f)(3)[2] because the Supreme Court has not recognized a new right entitling him to relief. *United States v. Thilo Brown*, 868 F.3d 297 (4th Cir. 2017) (rehearing and rehearing *en banc* denied Feb. 26, 2018). Therefore, defendants like Brown, who filed § 2255 motions within a year of the *Johnson* decision, are untimely unless they can qualify under one of the other limitations periods. *Id.* at 303-04.

As noted by the Government, Defendant's conviction became final more than one year ago[3], and neither § 2255(f)(2) or (4) apply to this case. Pursuant to *Brown*, neither does § (f)(3) apply in Defendant's case: the Supreme Court has not recognized a new right that would entitle him to relief, and the *Johnson* decision does not encompass Defendant's claim. Therefore, because Defendant is unable to avail himself of the limitations period in § (f)(3), his motion is untimely.

---

[2] A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review ; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f)(1)-(4).

[3] The Government's memorandum in support of its motion for summary judgment states "[t]he criminal judgment was entered on August 29, 2013." ECF No. 1247 at 2. However, this appears to be a typo as Defendant's judgment was entered on December 21, 2001, and returned executed on March 18, 2002. Regardless, Defendant's conviction became final more than one year before the filing of this motion.

4

## IV. Conclusion

Defendant's § 2255 motion is untimely and therefore must be dismissed without prejudice. The court notes if the Supreme Court does decide in the future the residual clause of the mandatory sentencing Guidelines is subject to a vagueness challenge, and makes this right retroactive, Defendant may petition the Fourth Circuit for permission to file a successive § 2255 motion.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues
> satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 2, 2018